IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL CALLAGHAN,**

    **Plaintiff,**

v.                                                                                            Civil Action No. 2:12-3419

**NATALIE E. TENNANT,**
in her official capacity as
West Virginia Secretary of State;
**NATALIE E. TENNANT,**
**GARY A. COLLIAS, WILLIAM N.**
**RENZELLI, and ROBERT RUPP** in
their official capacities as members
of the West Virginia State Election
Commission,

    **Defendants.**

## ANSWER AND AFFIRMATIVE DEFENSES OF
## PROPOSED INTERVENOR ALLEN H. LOUGHRY II

Proposed Intervenor Allen H. Loughry II, by his undersigned legal counsel, as and for his Answer and Affirmative Defense to the Complaint For Declaratory and Injunctive Relief ("Complaint"), hereby admit, deny, and allege as follows:

1. Paragraph 1 contains Plaintiff's characterization of the case and requires no response. To the extent any response is deemed necessary, Proposed Intervenor denies the allegations in paragraph 1.

2. Proposed Intervenor denies the allegations in paragraph 2.

3. Proposed Intervenor denies the allegations in paragraph 3.

4. Paragraph 4 contains Plaintiff's characterization of the case and requires no response. To the extent any response is deemed necessary, Proposed Intervenor denies the allegations in paragraph 4.

5. Paragraph 5 contains Plaintiff's characterization of the case and requires no response. To the extent any response is deemed necessary, Proposed Intervenor denies the allegations in paragraph 5.

6. Paragraph 6 contains Plaintiff's characterization of the case and requires no response. To the extent any response is deemed necessary, Proposed Intervenor denies the allegations in paragraph 6.

7. Proposed Intervenor admits the allegations in paragraph 7.

8. Proposed Intervenor lacks knowledge or information sufficient to form a belief as to the veracity of the first sentence of paragraph 8 and therefore denies the allegations therein. Proposed Intervenor denies the allegations in the second sentence of paragraph 8.

9. Proposed Intervenor lacks knowledge or information sufficient to form a belief as to the veracity of paragraph 9 and therefore denies the allegations therein.

10. Proposed Intervenor denies the allegations in the final sentence of paragraph 10, and admits the allegations in the remainder of paragraph 10.

11. Proposed Intervenor admits the allegations in paragraph 11.

12. Proposed Intervenor admits the allegations in the first sentence of paragraph 12. Proposed Intervenor denies the allegations in the second sentence of paragraph 12.

13. Proposed Intervenor admits the allegations in paragraph 13.

14. Proposed Intervenor denies the allegations in paragraph 14 insofar as it states that Proposed Intervenor raised $36,395.00 in order to qualify; Proposed Intervenor states that he raised $36,295.00 in qualifying contributions. Additionally,

        Proposed Intervenor denies the allegations insofar as it states that participating candidates can receive public funds; Proposed Intervenor states that only certified candidates can receive public funds.  Otherwise, Proposed Intervenor admits the allegations in paragraph 14.

15. Proposed Intervenor denies the allegations in paragraph 15 insofar as it states that participating candidates can receive public funds; Proposed Intervenor states that only certified candidates can receive public funds.  Otherwise, Proposed Intervenor admits the allegations in paragraph 15.

16. Proposed Intervenor lacks knowledge or information sufficient to form a belief as to the veracity of paragraph 16 and therefore denies the allegations therein.

17. Proposed Intervenor lacks knowledge or information sufficient to form a belief as to the veracity of paragraph 17 and therefore denies the allegations therein.

18. Proposed Intervenor admits the allegations in the first sentence of paragraph 18. Proposed Intervenor lacks knowledge or information sufficient to form a belief as to the veracity of the remainder of paragraph 18 and therefore denies the allegations therein.

19. With regard to the legal assertions in paragraph 19, the statute cited speaks for itself, and thus no response is required.  To the extent any response is deemed necessary, Proposed Intervenor denies the allegations in paragraph 19.

20. With regard to the legal assertions in paragraph 20, the statute cited speaks for itself, and thus no response is required.  To the extent any response is deemed necessary, Proposed Intervenor denies the allegations in paragraph 20.

21. With regard to the legal assertions in paragraph 21, the statute cited speaks for itself, and thus no response is required. To the extent any response is deemed necessary, Proposed Intervenor denies the allegations in paragraph 21.

22. With regard to the legal assertions in paragraph 22, the regulation cited speaks for itself, and thus no response is required. To the extent any response is deemed necessary, Proposed Intervenor denies the allegations in paragraph 22.

23. With regard to the legal assertions in paragraph 23, the regulations cited speak for themselves, and thus no response is required. To the extent any response is deemed necessary, Proposed Intervenor denies the allegations in paragraph 23.

24. With regard to the legal assertions in paragraph 24, the regulations cited speak for themselves, and thus no response is required. To the extent any response is deemed necessary, Proposed Intervenor denies the allegations in paragraph 24.

25. With regard to the legal assertions in paragraph 25, the statute and opinions cited speak for themselves, and thus no response is required. To the extent any response is deemed necessary, Proposed Intervenor denies the allegations in paragraph 25.

26. Proposed Intervenor admits the allegations in the first sentence of paragraph 26. Otherwise, with regard to the legal assertions in paragraph 26, the opinion cited speaks for itself, and thus no response is required. To the extent any response is deemed necessary, Proposed Intervenor denies the remaining allegations in paragraph 26.

27. The Attorney General's advisory opinion speaks for itself, and thus no response is required. Otherwise, Proposed Intervenor denies the allegations in paragraph 27.

28. The Attorney General's advisory opinion speaks for itself, and thus no response is required. Otherwise, Proposed Intervenor denies the allegations in paragraph 28.

29. With regard to the legal assertions in paragraph 29, the opinions cited speak for themselves, and thus no response is required. To the extent any response is deemed necessary, Proposed Intervenor denies the allegations in paragraph 29.

30. Proposed Intervenor admits the allegations in paragraph 30.

31. Proposed Intervenor lacks knowledge or information sufficient to form a belief as to the veracity of paragraph 31 and therefore denies the allegations therein.

32. With regard to the legal assertions in paragraph 32, the regulation and form cited speak for themselves, and thus no response is required. Proposed Intervenor lacks knowledge or information sufficient to form a belief as to the veracity of the remainder of paragraph 32 and therefore denies the allegations therein.

33. Proposed Intervenor denies the allegations in paragraph 33 with regard to the fact that Justice Davis filed a form showing her expenditures to be $494,471.00; Proposed Intervenor states that Justice Davis filed a form showing her expenditures to be $494,471.46. Proposed Intervenor lacks knowledge or information sufficient to form a belief as to the veracity of the remainder of paragraph 33 and therefore denies the remaining allegations therein.

34. Proposed Intervenor lacks knowledge or information sufficient to form a belief as to the veracity of the last two sentences of paragraph 34 and therefore denies the allegations therein. Otherwise, Proposed Intervenor admits the allegations in paragraph 34.

35. Proposed Intervenor admits the allegations in paragraph 35.

36. Proposed Intervenor denies the allegations in paragraph 36.

37. Proposed Intervenor denies the allegations in paragraph 37.

38. Proposed Intervenor denies the allegations in paragraph 38.

39. Proposed Intervenor admits, denies, or otherwise responds to the paragraphs referenced in paragraph 39 in the same ways he has responded in the foregoing paragraphs of this Answer.

40. With regard to the legal assertions in paragraph 40, the statute and regulation cited speak for themselves, and thus no response is required. To the extent any response is deemed necessary, Proposed Intervenor denies the allegations in paragraph 40.

41. Proposed Intervenor denies the allegations in paragraph 41.

42. Proposed Intervenor denies the allegations in paragraph 42.

43. Proposed Intervenor denies the allegations in paragraph 43.

44. Proposed Intervenor denies the allegations in paragraph 44.

45. Proposed Intervenor denies the allegations in paragraph 45.

46. With regard to the legal assertions in paragraph 46, the statute cited speaks for itself, and thus no response is required. To the extent any response is deemed necessary, Proposed Intervenor denies the allegations in paragraph 46.

47. With regard to paragraph 47, the judicial opinions and advisory opinion cited speak for themselves, and thus no response is required. To the extent any response is deemed necessary, Proposed Intervenor denies the allegations in paragraph 47.

48. Proposed Intervenor denies the allegations in paragraph 48.

49. Proposed Intervenor denies the allegations in paragraph 49.

50. Proposed Intervenor denies the allegations in paragraph 50.

## DEFENSES

1. Pursuant to Fed . R. Civ. P. 12(b)(6), the Complaint fails to state a claim on which relief can be granted.

2. The West Virginia Supreme Court of Appeals Public Campaign Financing Pilot Program, W. Va. Code § 3-12-1, *et seq*., is constitutional.

3. Plaintiff lacks standing to challenge the constitutionality of W. Va. Code § 3-12-11(e).

**WHEREFORE**, having fully answered, Proposed Intervenor Loughry respectfully prays that the Court dismiss this action and afford such other relief as the Court deems equitable and proper.

**ALLEN H. LOUGHRY II,**

/s/  Marc E. Williams
Marc E. Williams (WVBN 4062)
Randall L. Saunders (WVBN 10162)
Jenna E. Hess (WVBN 11416)
NELSON MULLINS RILEY & SCARBOROUGH LLP
949 Third Avenue, Suite 200
Huntington, WV 25701
(304) 526-3500
marc.williams@nelsonmullins.com

J. Adam Skaggs, Esquire
(Pro Hac Vice pending)
Matthew Menendez, Esquire
(Pro Hac Vice pending)
Brennan Center for Justice
at NYU School of Law
161 Avenue of the Americas, 12th Floor
New York, New York 10013

**COUNSEL FOR INTERVENOR,
ALLEN H. LOUGHRY II**