IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MICHAEL CALLAGHAN,

               Plaintiff,

v.                                  CIVIL ACTION NO.  2:12-cv-03419

NATALIE E. TENNANT, et al.,

               Defendants.

**ORDER**

Pending before the court is the Motion by Allen H. Loughry, III to Intervene [Docket 8]. For the reasons discussed below, this motion is **GRANTED**.

Michael Callaghan filed this complaint for declaratory and injunctive relief on July 18, 2012.  The plaintiff claims that the West Virginia Supreme Court of Appeals Public Financing Pilot Program, W. Va. Code § 3-12-1, which provides matching funds to publicly financed candidates for the Supreme Court of Appeals of West Virginia, violates the First and Fourteenth Amendments to the U.S. Constitution.  The plaintiff relies on the U.S. Supreme Court decision *Free Enterprise Club's Freedom Club PAC v. Bennett*, 131 S. Ct. 2806 (2011).

The defendants are Natalie Tenant, West Virginia Secretary of State, and Gary A. Collias, William N. Renzelli, and Robert Rupp, members of the West Virginia State Election Commission.  The movant, Allen H. Loughry, III, is the only candidate for Justice of the Supreme Court of Appeals of West Virginia who is participating in the Pilot Program.  Mr.

1

Loughry represents that at this time he is entitled to matching funds but the State Election Commission has refused to distribute these funds to Mr. Loughry.  However, the day Mr. Loughry filed the motion to intervene, the Commission voted to defend the constitutionality of the Pilot Program.

The movant seeks to intervene under Federal Rule of Civil Procedure 24.  The rule states:

> (a) Intervention of right.  On timely motion, the court must permit anyone to intervene who:
>> (1) is given an unconditional right to intervene by a federal statute; or
>> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
> (b) Permissive intervention.
>> (1) In general.  On timely motion, the court may permit anyone to intervene who:
>>> (A) is given a conditional right to intervene by a federal statute; or
>>> (B) has a claim or defense that shares with the main action a common question of law or fact.

To intervene as a matter of right, the proposed intervenor must show that: (1) the application is timely; (2) the applicant has an interest in the subject matter sufficient to merit intervention; (3) denial of intervention would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation. *Scardelletti v. Debarr*, 265 F.3d 195, 202 (4th Cir. 2001), *rev'd on other grounds, Devlin v. Scardelletti*, 536 U.S. 1 (2002).

The instant motion to intervene is timely—it was filed less than two weeks after initiation of the action and before any motions had been filed.  Mr. Loughry has an interest in the subject matter of the action because he is qualified to receive matching funds under the challenged Pilot Program.  And disposition of the action may impair Mr. Loughry's ability to protect his interest

2

in these matching funds.   The fourth prong is satisfied when the intervenor shows that representation of its interest "may be" inadequate.  *United Guar. Residential Ins. Co. of Iowa v. Philadelphia Sav. Fund Society*, 819 F.2d 473, 475 (4th Cir. 1987).  The burden of making this showing should be minimal.  *Id.*  Although the Commission voted yesterday to defend the constitutionality of the Pilot Program, the Secretary of State had previously announced that she would not implement the matching funds provision of the Act, relying on an opinion rendered by the West Virginia Attorney General.  In contrast, Mr. Loughry has a direct, personal interest in upholding the law so that he can receive campaign funds.  In light of the changing position of the defendants, Mr. Loughry has sustained his burden of showing that the defendants may not adequately represent his interests.  Accordingly, I **GRANT** Mr. Loughry's motion to intervene as a matter of right.

In any event, Mr. Loughry is also entitled to intervene under Rule 24(b)(2).  As discussed above, his motion to intervene is timely.  And Mr. Loughry's claim that the Pilot Program and its matching fund provisions are constitutional raises the same issues of law and fact as the complaint.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        August 1, 2012

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

3