### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL CALLAGHAN,**

     *Plaintiff,*

v.                                  **CIVIL ACTION NO. 2:12-cv-03419**

**NATALIE E. TENNANT in her
official capacity as West Virginia
Secretary of State; NATALIE E.
TENNANT, GARY A. COLLIAS,
WILLIAM N. RENZELLI, and
ROBERT RUPP, in their official
capacities as members of the West
Virginia State Election Commission,**

     *Defendants.*

---

### ANSWER OF ALL DEFENDANTS

---

Now come all Defendants and for their Answer say:

### FIRST DEFENSE (Abstention)

This Court should abstain from deciding this case pending the outcome of the mandamus action pending in the Supreme Court of Appeals of West Virginia, styled *Loughry v. Tennant*, *et al,* No. 12-0899, in which the same constitutional issues as are here raised were presented to the State's highest court before any proceedings of significance herein.

### SECOND DEFENSE (Standing)

Plaintiff herein has no cognizable interest in the outcome of the issue(s) presented and thus there is no case or controversy.

**THIRD DEFENSE (Admissions and Denials)**

1.      As a description of Plaintiff's Complaint and legal position, paragraph 1 of the Complaint is admitted.

2.      Paragraph 2 summarizes certain statutes, cited therein, which are challenged by Plaintiff, the language of which statutes will necessarily control over Plaintiff's description thereof. Consequently, this paragraph need not be admitted or denied.

3.      Paragraph 3 is denied.

4.      Defendants agree that this matter should be resolved promptly and admit that Plaintiff seeks relief as described in Paragraph 4, but otherwise deny the allegations of Paragraph 4.

5-7.    Subject to the jurisdictional defenses raised above (abstention and standing) Defendants agree that this Court would have jurisdiction and venue of this action pursuant to the statutes recited in Paragraphs 5-7 of the Complaint.

8-9.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 8 and demand strict proof thereof.

10.     Defendants admit Paragraph 10 with the caveat that there are State officers other than the State Election Commission that also have responsibilities in connection with the overall administration of the Act.  However, the State Election Commission is the "spending unit" of State government that has sole (exclusive) authority to requisition funds from the special revenue fund created by W. Va. Code § 3-12-5, from which fund the payments in dispute would be made.

11.     Admitted.

12.     The first sentence of Paragraph 12 is admitted and the second is denied.

13.     Admitted.

14.     With the caveat that the dollar amounts in Paragraph 14 may not be exactly accurate, Paragraph 14 is admitted.

15.     With the caveat that only "certified" participating candidates may receive distributions, Paragraph 15 is admitted.  (*See* W. Va. Code § 3-12-20.)

16.     Admitted.

17.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 17 and demand strict proof thereof.

18.     The first sentence of Paragraph 18 is admitted but Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 18 and demand strict proof thereof.

19-21.   With the caveat that only "certified" candidates are entitled to the distributions authorized by West Virginia Code § 3-12-11, Paragraphs 19-21 are admitted.

22-24.   With the caveat that the actual language of the statutes and regulations described in Paragraphs 22-24 will control over their description in the Complaint, the Defendants have no substantial disagreement with the descriptions in Paragraphs 22-24.

25- 28.  Paragraphs 25 - 28 characterize various court rulings and legal opinions in a manner that does not appear to be misleading, recognizing that the rulings and opinions themselves would control over Plaintiff's characterizations thereof.

29.     Paragraph 29 accurately describes the recent district court decision striking North Carolina's "matching provisions" as unconstitutional, but omits to note that no party in that case undertook to defend North Carolina's statutes, in light of which the district court did not undertake any in-depth analysis of their constitutionality.

30.     Admitted.

31.     Denied.  The new reporting form was designed to conform to West Virginia. Code § 3-12-13(e)(3), not the regulation cited in the Complaint, and the email mentioned in Paragraph 31 required the form to be filed by July 13, 2012, not July 6 (as alleged in the Complaint).

32.     Admitted.

33.     Paragraph 33 erroneously states that the reporting form for Robin Davis was filed on July 6, 2012 (the actual date was July 10, 2012), but is otherwise admitted..

34.     Paragraph 34 is admitted except for the last sentence.  Defendants would welcome a prompt judicial resolution of the constitutionality of the matching fund provisions, but reserve their right to argue that such resolution should be in State court.

35.     Admitted.

36-38.  Denied.

39.     No response required.

40.     Admitted.

41-50   These paragraphs constitute legal argument to which no response is required, but are denied to the extent an answer is deemed necessary.

WHEREFORE, Defendants pray that this action be dismissed.

*Respectfully submitted*,

NATALIE E. TENNANT in her official capacity as West Virginia Secretary of State; NATALIE E. TENNANT, GARY A. COLLIAS, WILLIAM N. RENZELLI, and ROBERT RUPP, in their official capacities as members of the West Virginia State Election Commission,

By counsel,

DARRELL V. McGRAW, JR.
ATTORNEY GENERAL


/s/   *Silas B. Taylor*
Silas B. Taylor
Managing Deputy Attorney General

Office of the Attorney General
State Capitol Complex
Building 1, Room E-26
Charleston, West Virginia 25305-0220
Telephone:      (304) 558-2021
Fax:              (304) 558-0140
E-mail:          silasbtaylor1@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2012, I electronically filed the foregoing "*Answer of All Defendants*" with the Clerk of the Court using the CM/ECF system,  which will send notification of such filing to the following CM/ECF participants:

Marc E. Williams
Randall L. Saunders
Jenna E. Hess
Nelson Mullins Riley & Scarborough, LLP
949 Third Avenue, Suite 200
Huntington, WV 25701
marc.williams@nelsonmullins.com

J. Adams Skaggs, Esq.
Matthew Mendendez, Esq.
Brennan Center for Justice
 at NYU School of Law
161 Avenue of the Americas, 12th Fllor
New York, New York 10013

Anthony Majestro, Esq.
Powell & Majestro, PLLC
405 Capitol Street, Suite P-1200
Charleston, WV 25301
cmajestro@powellmajestro.com