IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

MICHAEL CALLAGHAN,

    Plaintiff,

v.                                            Civil Action No. 2:12-cv-03419

NATALIE E. TENNANT, et. al,

    Defendants.

## MOTION TO EXPEDITE BRIEFING

1.    On July 30, 2012, after this action was filed in this Court, Intervenor Loughry filed a Petition for a Writ of Mandamus in the Supreme Court of Appeals of West Virginia. A copy of the pleadings in that action has been filed with this Court. [Doc. 18]

2.    Immediately upon filing the Petition in state court, the Supreme Court of Appeals set a briefing schedule. [Doc 18-4 at p.2] The Defendants herein, who are Respondents in that action, voted to support the Petition and defend the constitutionality of the West Virginia Supreme Court of Appeals Public Campaign Financing Pilot Program ("the Act"). [Doc 22-1 at p. 36]

3.    On August 3, 2012, Plaintiff Callaghan and his attorney each received a telephone call from a senior member of the staff of the Supreme Court of Appeals requesting that Plaintiff intervene in Loughry's action in the Supreme Court of Appeals as no party in the case would be arguing against the constitutionality of the Act. Callaghan agreed to do so and was assured that he could file the Motion by August 9, 2012 and subsequently assured that he could file a Response to the

Petition by Noon, August 10, 2012. These filings were made on that schedule. [Doc. 18-5 at p.2, Doc. 19-1]

4. Callaghan contacted the attorneys for the parties in the state court proceedings. All of the counsel, including Loughry's counsel, assured the undersigned that they would not object to the proposed intervention. Callaghan's undersigned counsel then informed the Court that the parties had agreed not to oppose the intervention.

5. Prior to receiving the call from the Supreme Court of Appeals, Callaghan's undersigned counsel had been drafting a motion seeking preliminary relief in this Court. After receiving that call, and because of the seeming agreement of the parties not to object to the intervention, Callaghan turned to drafting the motion to intervene and response to Loughry's Petition.

6. On August 10, the Supreme Court of Appeals ordered the parties to respond to the motion to intervene by 5:00 pm Tuesday, August 14, 2012. [Doc. 18-5 at p. 46] Less than an hour before that deadline Loughry filed a 13-page objection to the intervention request. No other party objected. The objection was filed without informing Callaghan that Loughry would break his promise not to object to the Motion to Intervene.

7. The Supreme Court of Appeals denied the Motion to Intervene the next morning prior to Callaghan having the opportunity to reply to the objection. [Doc. 18-5 at p.66] The Court did invite Callaghan and the Attorney General to file amicus briefs in opposition to the Petition. *Id.*

8. As the state court action is currently situated, there is no party who opposes the Petition which means there is no party with standing to either seek relief in the Supreme Court of the United States or oppose relief therein should Loughry seek a Petition for a Writ of Certiorari.

9. Oral argument in state court is currently set for September 4, 2012. In election mandamus cases, the Court's practice is to issue orders granting or denying relief following up with a formal opinion in due course. The Court has in the past issued orders the same day as the argument.

10. Loughry seeks additional funds in the amount of $144,471. The Complaint in this case seeks to enjoin the implementation of the provisions of the Act which provide for that transfer. Under the Act, the Defendants have two business days to release additional funds to Loughery once it makes the determination that additional funds are due. W.Va. Code § 3-12-11(i).

11. Plaintiff continues to suffer irreparable harm due to the chilling of his speech protected by the First Amendment. Plaintiff was content to litigate these issues before the Supreme Court of Appeals when that Court and the parties therein had indicated to him that he had that opportunity. That option is no longer available to him. Plaintiff now seeks relief in this Court.

12. If the Supreme Court of Appeals grants Loughry the relief he seeks prior to this Court ruling, it will be necessary for Callaghan to seek emergency relief in this Court.

13. Rather than proceed on an emergency basis, Callaghan believes that it would be better for this Court to order a briefing schedule on the Plaintiff's Motion and/or set a hearing for September 5, 2012. While this may force the parties to file briefs in parallel cases, Plaintiff believes that the Court will be in a better position to decide the issues should it be necessary for the Court to rule quickly.

14. Plaintiff proposes that the Court order responses to the Motion for a Preliminary Injunction by August 31, 2012 and Replies by September 4, 2012. Plaintiff also suggests that the Court set a hearing on September 5 or September 6, 2012.

15. Loughry and the Defendants oppose this proposed schedule and seek a filing deadline of September 11, 2012 for the response, a deadline that is in excess of the time permitted by the rules. Loughry and the Defendants are unwilling to agree to any provisional relief preserving the status quo should the Supreme Court rule in their favor prior to that date.

16. It should be noted that it was Loughry who waited a year to even request that the Defendants re-consider their decision not to implement the unconstitutional additional funds provision. He then chose to file a duplicative action in state court, intervene in this action, and then agree to and then oppose Callaghan's intervention in the state proceedings. Any claims of prejudice should be judged in light of his actions.

                                                         **MICHAEL CALLAGHAN**
                                                         **By Counsel**

5

s/ Anthony J. Majestro_____
Anthony J. Majestro (WVSB 5165)
POWELL & MAJESTRO, PLLC
405 Capitol Street, Suite P1200
Charleston, WV  25301
Phone:  304-346-2889
Fax:      304-346-2895
amajestro@powellmajestro.com

Paul T. Farrell (WVSB 7443)
Greene Ketchum Bailey Walker Farrell & Tweel
PO Box 2389
Huntington, WV  25724-2389
Phone:  304-525-9115
Fax:      304-529-3284
paul@greeneketchum.com

5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

MICHAEL CALLAGHAN,

    Plaintiff,

v.                                                                       Civil Action No. 2:12-cv-03419

NATALIE E. TENNANT, in her
official capacity as West Virginia
Secretary of State; NATALIE E. TENNANT,
GARY A. COLLIAS, WILLIAM N. RENZELLI,
and ROBERT RUPP in their official capacities
as members of the West Virginia State
Election Commission,

    Defendants.

## CERTIFICATE OF SERVICE

      The undersigned counsel, counsel for the Plaintiff, does hereby certify that on the 23rd day of August, 2012, I electronically filed the foregoing **Plaintiff's Motion to Expedite Briefing** with the Clerk of the Court by utilizing the CM/ECF system, which will send electronic notification of said filing to counsel of record.

| | |
|---|---|
| Marc E. Williams, Esq. | J. Adam Skaggs, Esq. |
| Randall L. Saunders, Esq. | Matthew Mendendez, Esq. |
| Jenna E. Hess, Esq. | Brennan Center for Justice |
| Nelson Mullins Riley & Scarborough, LLP |    at NYU School of Law |
| 949 Third Avenue, Suite 200 | 161 Avenue of the Americas, 12th Floor |
| Huntington, WV 25701 | New York, NY 10013 |
| marc.williams@nelsonmullins.com | |

Silas B. Taylor, Esq.
Managing Deputy Attorney General
Office of the Attorney General
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25301
silasbtaylor1@gmail.com

                                               **s/ Anthony J. Majestro**
                                               Anthony J. Majestro (WVSB 5165)