## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL CALLAGHAN,**

      *Plaintiff,*

**v.**                               **CIVIL ACTION NO. 2:12-cv-03419**

**NATALIE E. TENNANT in her official capacity as West Virginia Secretary of State; NATALIE E. TENNANT, GARY A. COLLIAS, WILLIAM N. RENZELLI, and ROBERT RUPP, in their official capacities as members of the West Virginia State Election Commission,**

      *Defendants,*

**ALLEN H. LOUGHRY II,**

      *Intervenor-Defendant*.

———————————————

## INTERVENOR-DEFENDANT'S RESPONSE
## TO MOTION TO EXPEDITE BRIEFING

———————————————

Comes now Intervenor-Defendant Allen Loughry II, who files this Response to Plaintiff's Motion to Expedite Briefing.

Despite having filed his Complaint more than one month ago, Plaintiff only now seeks to expedite consideration of this matter. Given his delay in seeking expedited consideration—and, indeed, in requesting any injunctive relief—Plaintiff's motion should be denied. The mandamus proceeding currently pending before the Supreme Court of Appeals of West Virginia does not provide any reason to expedite briefing on Plaintiff's motion here. As the Supreme Court of Appeals recognized when it denied Plaintiff's request to intervene in that action, even if the

Supreme Court of Appeals were to grant the precise relief sought in the mandamus petition, Plaintiff could suffer no constitutional injury.  Any constitutional claims that Plaintiff has standing to assert are appropriately considered in this proceeding.

Accordingly, Intervenor-Defendant respectfully urges this Court to deny Plaintiff's Motion to Expedite Briefing.  Intervenor-Defendant respectfully requests that consideration of this motion proceed under a slightly extended schedule, with Intervenor-Defendant's response to the Motion for Preliminary Injunction due September 10, 2012.

## Discussion

Plaintiff's Motion to Expedite Briefing is replete with inaccurate and unsupported statements of purported fact, particularly regarding the substance of communications between counsel.[1]  Despite Plaintiff's misleading allegations, however, the relevant facts are clear. Plaintiff filed his Complaint in this Court on July 18, 2012.  While the Complaint urged this dispute to be resolved "promptly," Complaint ¶ 4, at the time the Complaint was filed, Plaintiff chose not to seek expedited consideration, a temporary restraining order, a preliminary injunction, or any other urgent relief.  Now, more than one month after filing the Complaint, Plaintiff requests greatly expedited consideration of this matter.

Attempting to resolve this matter according to the schedule proposed by Plaintiff would impose unnecessary and onerous burdens on Intervenor-Defendant, Defendants, and this Court. It would be inequitable to impose these burdens as the sole result of Plaintiff's own tactical decisions.  Moreover, contrary to Plaintiff's assertions, there is no need to expedite briefing

---

[1] These assertions are not entitled to any weight.  *See, e.g.*, *Walls v. Lemmon*, No. 5:07-cv-00207, 2007 WL 3046218, at *3 (S.D. W. Va. Oct. 17, 2007) (citing *Thomas v. Burlington Indus., Inc.*, 769 F. Supp. 368, 369 (S.D. Fla.1991) (citation omitted) ("Argument of counsel . . . is not evidence."); *cf. Rountree v. Fairfax County Sch. Bd.*, 933 F.2d 219, 223 (4th Cir. 1991) (unsupported arguments of counsel, absent any evidence such as sworn affidavits accompanying objections to a motion for summary judgment, failed to meet the evidentiary standard necessary to create a genuine issue of material fact)).

because of the ongoing proceedings in the Supreme Court of Appeals of West Virginia, as Plaintiff does not have any cognizable stake in the outcome of the mandamus action.

### A. Having sat on his rights, Plaintiff cannot now demand an expedited briefing schedule.

While Plaintiff sat on his rights, Intervenor-Defendant acted diligently to defend his interests. As the Court is aware, Intervenor-Defendant filed a petition with the Supreme Court of Appeals of West Virginia on July 30, 2012 seeking a writ of mandamus to compel the members of the State Election Commission to release the funds to which he is statutorily entitled through his participation in the West Virginia Supreme Court of Appeals Public Campaign Financing Pilot Program. The next day, July 31, Intervenor-Defendant sought to intervene in this matter in order to ensure his interests were vigorously defended in any tribunal which might resolve the substantive issues surrounding the Pilot Program. This Court granted Intervenor-Defendant's motion to intervene on August 1.

In his petition to the Supreme Court of Appeals, Intervenor-Defendant requested that the court "forthwith enter an expedited briefing schedule so that a decision regarding this petition can be reached as soon as possible." Doc. 18-1 at p.16. The next day, July 31, the Supreme Court of Appeals entered a scheduling order requiring a response from Defendants by August 9, at which point the matter would be "mature for consideration." Doc. 18-4 pp.2-3. Rather than acting quickly, Plaintiff waited ten days after the petition was filed—until August 9—to attempt to intervene in that matter. Doc. 18-5 at p.2. On August 15, the Supreme Court of Appeals denied the motion to intervene and entered an expedited briefing schedule. Doc. 18-5 at p.66. Plaintiff was invited to file an *amicus curiae* brief by today, August 24. Barbara H. Allen,

Managing Deputy Attorney General, was also asked to file an *amicus* brief August 24 arguing that the supplemental funds provisions are unconstitutional.[2]

Defendants and Intervenor-Defendant must reply to both the Plaintiff's *amicus* brief and the Managing Deputy Attorney General's *amicus* brief by August 31—just one week after they are filed and the same date on which Plaintiff proposes Intervenor-Defendant's response to his Motion for Preliminary Injunction should be due. Doc. 18-5 p.67. Additionally, oral argument has been scheduled for the day after Labor Day, September 4. Defendants and Intervenor-Defendant will be briefing and otherwise preparing for the oral argument until it takes place. Yet Plaintiff asks that an expedited hearing on his motion take place on September 5 or 6.[3]

In short, Intervenor-Defendant has acted quickly to protect his rights in another forum while Plaintiff has dawdled.[4]  It would prejudice Intervenor-Defendant and Defendants to require them to brief the matter before this Court on an unreasonable schedule while simultaneously preparing briefing and oral argument on the schedule established by the Supreme Court of Appeals of West Virginia.

---

[2] The Attorney General, by Managing Deputy Barbara H. Allen, has moved to intervene in the Supreme Court of Appeals, arguing that "The Attorney General's only interest in this litigation, and his only purpose for filing this motion, is to ensure that the arguments in this case may be tested at every level through adversarial proceedings, the foundation of our system of justice." See Motion of Darrell V. McGraw, Jr., West Virginia Attorney General, to Intervene, attached hereto as **Exhibit A**.

[3] Intervenor-Defendant's counsel Marc Williams is already scheduled on September 5 to participate in another oral argument before the Supreme Court of Appeals in the matter of *Vickie L. Akers v. CSX Transportation, Inc.*, No. 11-0385, and is scheduled to appear for a hearing in the Northern District of West Virginia on September 6 in the case of *CSX Transportation, Inc. v. Robert Peirce, Jr. et. al*, Civil Action No. 5:05-cv-202.

[4] In paragraphs 4, 5, 6, and 13, of his Motion to Expedite Briefing, Plaintiff attempts to shift the blame for Plaintiff's own failure to seek relief in this matter onto Defendant-Intervenor's shoulders. But Plaintiff's allegations are baseless. At no time did Intervenor-Defendant or his counsel in any way "promise not to object to [Plaintiff's] Motion to Intervene," in the state court action. Motion to Expedite Briefing ¶ 6. The discussions between Plaintiff's counsel and counsel for Intervenor-Defendant were based on representations regarding the basis for his intervention which were revealed to be misstated, and when the basis for Plaintiff's motion to intervene was revealed, it became clear that Plaintiff lacked the peculiarized, substantial interest in the mandamus proceeding necessary to warrant intervention. *See generally* Doc. 18-5 at pp. 48-59. By denying Plaintiff's motion to intervene, the Supreme Court of Appeals demonstrated that it recognized Plaintiff could not suffer any constitutional injuries if a writ of mandamus were granted, and therefore lacked the interest necessary to justify intervention.

The courts frown upon those who seek expedited consideration after unreasonably delaying to request it.  Indeed, when the First Circuit evaluated a similarly untimely request to expedite consideration of a challenge to supplemental matching funds provisions in the State of Maine's public financing system for gubernatorial and legislative candidates, it rejected the request.  The First Circuit explained:

> In determining the weight to be accorded to the appellants' claims, we also note that this "emergency" is largely one of their own making.  The appellants, well aware of the requirements of the election laws, chose not to bring this suit until August 5, 2010, shortly before the November 2 elections.  Appellant Cushing, an incumbent running for reelection, declared his candidacy before March 15, 2010. Appellants did not file their case until at least six months after roughly 280 candidates had declared their intention to rely on . . . public funding, and two months after the primary election.  Further, the case law on which they rely is not new.  They rely primarily on *Davis v. Fed. Election Comm'n*, 554 U.S. 724 . . . which was decided on June 26, 2008. *Citizens United v. Fed. Election Comm'n* . . . 130 S.Ct. 876 . . . was decided in January 2010.
>
> Given the potential harm to Maine and to all candidates if the emergency injunction were granted, and the public interest in maintaining the status quo during the period of the Court's deliberations, we deny the emergency motion.

*Respect Me. PAC v. McKee*, 622 F.3d 13, 17 (1st Cir. Oct 5, 2010).  The U.S. Supreme Court also declined to grant an emergency injunction in the same matter.  *See Respect Me. PAC v. McKee*, 131 S. Ct. 445, 445 (Oct. 22, 2010) (Kennedy, Circuit Justice).

Similarly, here, any emergency is of Plaintiff's own making.  The principal case he relies on was decided over a year ago.  *See Ariz. Free Enter. Club's Freedom Club PAC v. Bennett*, 131 S. Ct. 2806 (June 27, 2011).  Even if Plaintiff were unaware of the possible need to file his Complaint until very recently, once the Complaint was filed, there was no excuse for delaying more than a month to request *any* relief—much less expedited relief.

As this Court has recognized, "Laches can, in some circumstances, serve as a defense to First Amendment claims."  *See Nader 2000 Primary Comm. v. Hechler*, 112 F. Supp. 2d 575,

579 n.2 (S.D. W. Va. 2000).  Whether or not Plaintiff's delays are of sufficient magnitude to constitute a defense to any First Amendment injury for which Plaintiff has standing to seek redress, they are undoubtedly sufficient to render an aggressively expedited briefing schedule inappropriate.

As the Fourth Circuit explained in denying a Presidential candidate's emergency motion for an injunction,

> Movant had every opportunity to challenge the various Virginia ballot requirements at a time when the challenge would not have created the disruption that this last-minute lawsuit has.  Movant's request contravenes repeated Supreme Court admonitions that federal judicial bodies not upend the orderly progression of state electoral processes at the eleventh hour.  Movant knew long before now the requirements of Virginia's election laws.  There was no failure of notice.  The requirements have been on the books for years.  If we were to grant the requested relief, we would encourage candidates for President who knew the requirements and failed to satisfy them to seek at a tardy and belated hour to change the rules of the game.  This would not be fair to the states or to other candidates who did comply with the prescribed processes in a timely manner and it would throw the presidential nominating process into added turmoil.

*Perry v. Judd*, 471 F. Appx. 219, 220-21 (4th Cir. 2012) (footnote omitted).

So, too, here.  Like the plaintiff in *Perry*, Plaintiff "had every incentive to challenge the requirement" months earlier, but instead "chose to sit on his right to challenge this provision" for an unreasonable period.  Such "deliberate delay precludes the possibility of equitable relief . . . [because] 'equity ministers to the vigilant, not to those who sleep upon their rights,'" *id.* at 224 (citation omitted).   Unreasonable delay certainly precludes imposing the unjustified burdens on the parties and the Court which proceeding on Plaintiff's aggressively expedited schedule would entail.

**B.      There is no need to expedite briefing because Plaintiff has no stake in the outcome of Intervenor-Defendant's petition for mandamus.**

Even if the delays complained of by Plaintiff were not of his own making, there would still be no need to expedite briefing of Plaintiff's preliminary injunction motion.  Plaintiff claims that "If the Supreme Court of Appeals grants Loughry the relief he seeks prior to this Court ruling, it will be necessary for Callaghan to seek emergency relief in this Court."  Motion to Expedite Briefing ¶ 12.  But Plaintiff misrepresents the nature of the proceeding before the Supreme Court of Appeals.  In that proceeding, Intervenor-Defendant Loughry seeks to compel state officials to comply with their statutory obligation to release campaign funds *based on the expenditures of nonparticipating candidates* for the Supreme Court of Appeals.  Because Plaintiff lacks a cognizable constitutional interest in that statutory duty, the Supreme Court of Appeals denied his request to intervene in the mandamus proceeding.

Plaintiff is not a candidate for a seat on the Supreme Court of Appeals of West Virginia, and as such, no actions Plaintiff has taken or could take implicate the specific statutory provision at issue in the mandamus action.[5]  This was the basis for Intervenor-Defendant's opposition to Plaintiff's attempt to intervene in that case.  Doc. 18-5 at pp.48-49.  The Supreme Court of Appeals agreed with this position, denying Plaintiff's motion, but nonetheless inviting Plaintiff to appear in the state action as *amicus curiae*.  Doc. 18-5 at p.66.

---

[5] W. Va. Code § 3-12-11(e), at issue in the mandamus proceeding, calls for the release of supplemental funds when "a nonparticipating *candidate's* campaign expenditures or obligations . . . have exceeded by twenty percent the initial funding available" under the Pilot Program.  (emphasis added).  The legal right relied upon by Intervenor-Defendant is one that flows directly and exclusively from Section 3-12-11(e), which is solely concerned with spending by candidates for the Supreme Court of Appeals of West Virginia who have chosen not to participate in the Pilot Program.  Plaintiff has not—and cannot—show that any constitutional rights he alleges could be affected by an order enforcing Section 3-12-11(e).

## Conclusion

Intervenor-Defendant is entirely willing to litigate the claims that Plaintiff has standing to assert before this Court.  Intervenor-Defendant and Defendants should not have to do so on an aggressively expedited basis solely as a result of Plaintiff's unreasonable delay and when resolution of the mandamus petition pending in state court cannot, by definition, affect Plaintiff's constitutional rights.  Intervenor-Defendant respectfully requests that the briefing schedule be extended by one week to allow Intervenor-Defendant and the Defendants to address the case pending before the Supreme Court of Appeals—in which Plaintiff will submit an *amicus* brief today—without having to shoulder the additional burden that would be imposed by having to quickly address Plaintiff's purportedly urgent, yet eleventh hour, request for relief.

The Motion to Expedite Briefing should be denied.


**ALLEN H. LOUGHRY II,**

/s/ Marc E. Williams
Marc E. Williams (WVBN 4062)
Randall L. Saunders (WVBN 10162)
Jenna E. Hess (WVBN 11416)
NELSON MULLINS RILEY &
SCARBOROUGH LLP
949 Third Avenue, Suite 200
Huntington, WV 25701
(304) 526-3500
marc.williams@nelsonmullins.com

J. Adam Skaggs
Matthew Menendez
BRENNAN CENTER FOR JUSTICE
  AT NYU SCHOOL OF LAW
161 Avenue of the Americas, 12th Floor
New York, NY 10013
adam.skaggs@nyu.edu

**COUNSEL FOR INTERVENOR-DEFENDANT,**
**ALLEN H. LOUGHRY II**

8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL CALLAGHAN,**

     *Plaintiff,*

**v.**                                                    CIVIL ACTION NO. **2:12-cv-03419**

**NATALIE E. TENNANT in her
official capacity as West Virginia
Secretary of State; NATALIE E.
TENNANT, GARY A. COLLIAS,
WILLIAM N. RENZELLI, and
ROBERT RUPP, in their official
capacities as members of the West
Virginia State Election Commission,**

     *Defendants,*

**ALLEN H. LOUGHRY II,**

     *Intervenor-Defendant.*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the **Intervenor-Defendant's Response to Motion to Expedite Briefing** was filed with the Court through the ECF system on the 24th day of August, 2012.

**Anthony J. Majestro**
POWELL & MAJESTRO
Suite P-1200
405 Capitol Street
Charleston, WV 25301

**Paul T. Farrell, Jr.**
GREENE KETCHUM BAILEY
WALKER FARRELL & TWEEL
P. O. Box 2389
Huntington, WV 25724-2389
*Counsel for Plaintiff*

**Silas B. Taylor**
OFFICE OF THE ATTORNEY GENERAL
Building 1, Room E-26
Charleston, WV 25305
*Counsel for Natalie E. Tennant, Gary Collias,*
*William N. Renzelli, and Robert Rupp*


/s/  Marc E. Williams

10