IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

MICHAEL CALLAGHAN,

    Plaintiff,

v.                                                            Civil Action No. 2:12-cv-03419

NATALIE E. TENNANT, et. al,

    Defendants.

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO EXPEDITE

Plaintiff, Michael Callaghan, files this Reply in Support of his Motion to Expedite.

Plaintiff finds it ironic that Loughry argues that the doctrine of laches supports his request to delay these proceedings given that he waited almost an entire year after the Defendants announced that they would not implement the additional funds provisions of the Act, [Doc. 22-1, pp.25-26], to bring any sort of challenge to this decision. Plaintiff, on the other hand, filed this case the day after the Defendants took administrative action recognizing that the additional funds provisions had been triggered. [Doc. 22-1, pp. 33-35]. Even then, it took Loughry another 10 days to file. [Doc. 18-1 at p.2]

Loughry argues that he never promised not to object to Plaintiff's Motion to Intervene in his state court mandamus proceedings. Instead, he vaguely argues that Callaghan misrepresented the basis for the motion. Loughry

Response at 4, n.4. Callaghan's intervention motion was represented to be based on the claims made in this action and the fact that no party in the Supreme Court of Appeals would be arguing the unconstitutionality of the Act. The basis for the objection ultimately filed by Loughry in State Court was that Callaghan had no standing to challenge addition funds triggered by candidate expenditures. [*See* Doc. 18-5 at pp. 48-59] None of this was somehow revealed after the motion was filed. Loughry, for some reason, changed his mind and did not keep his commitment.

Loughry does not deny that he agreed not to object to the intervention motion. Callaghan relied on this promise and focused his efforts on the state court mandamus proceedings. At no time prior to serving Callaghan with the objection at the literal eleventh hour did Loughry or his attorneys ever inform Callaghan or his attorneys that Loughry had changed his mind and would object.

In any event, Loughry does not dispute that both Callaghan and his attorney were called by a person with apparent authority to act for the Supreme Court of Appeals and requested to intervene in Loughry's state court case. Given that all of the parties (including Loughry) specifically represented that they were not going to object, it was reasonable for Callaghan to defer to a specific request from the Supreme Court of Appeals to

2

litigate his claims there rather than brief the arguments here.[1] Given that the Supreme Court of Appeals has (with Loughry's urging) now denied that request, it is similarly reasonable for Callaghan to turn to this Court.

\* \* \* \*

The cases cited by Loughry do not compel the rejection of the motion to expidite. In the context of campaign finance litigation, this Court has rejected attempts to find laches from delays longer than this one. In rejecting a laches claim over a two to three month delay, this Court has noted:

> "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). . . . Defendants and Intervenors, however, argue that WVFL's delay in filing this lawsuit evinces a lack of irreparable injury and is "nothing more than an attempt at gaining a strategic advantage." ( Docket 108 at 4.) In support of this argument, Defendant Ireland cites to a case from this District recognizing that "[l]aches can, in some circumstances, serve as a defense to First Amendment claims." *Nader 2000 Primary Comm., Inc. v. Hechler,* 112 F.Supp.2d 575, 579 n. 2 (S.D.W.Va.2000) (Haden, C.J.) (citing *Gay Men's Health Crisis v. Sullivan,* 733 F.Supp. 619, 631 (S.D.N.Y.1989)). In *Hechler,* however, Chief Judge Haden held that "in light of the types of harm at issue, *i.e.* First Amendment violations versus increased monetary expenditures, the balance tips decidedly in favor of the Plaintiffs." 112 F.Supp.2d at 579. In this case, the balance tips even farther in Plaintiffs' favor because Defendants will not be required to increase monetary expenditures.

---

[1]Callaghan, who is a member of this Court bar, and his undersigned attorneys file the motion and this response pursuant to the provisions of Rule 11. This is not a summary judgment motion, and Callaghan and his counsel believe that their representations to the Court as a member of this Court's bar filed pursuant to Rule 11 are sufficient. As opposed to Loughry's vague denials, Callaghan has provided the Court with specifics. If the Court wishes an affidavit, counsel will be happy to provide one.

> . . . .
>
> Given the Court's finding that Plaintiffs are likely to prevail on the merits of their claim, the resulting chill on speech—especially leading up to an election—overrides any concern about delay.

*Center for Individual Freedom, Inc. v. Ireland,* 613 F.Supp.2d 777, 806-07 (S.D.W.Va. 2009) ("*CFIF*").[2]

*Perry v. Judd*, 471 F. Appx. 219, 220-21 (4th Cir. 2012), is also distinguishable. Unlike the plaintiff there, it is Loughry who is attempting to force last-minute changes in the election laws after the State recognized for over a year that the additional funds provisions in the Act are not constitutional. Until Defendants (at Loughry's urging) began steps to counter the previous determination that the Act's additional funds provisions would not be implemented, there was no reason to initiate litigation. Similarly, *Respect Me. PAC v. McKee*, 622 F.3d 13, 17 (1st Cir. 2010) is distinguishable on the same grounds. Unlike here, the government in *McKee* did not announce that it was refusing to implement the additional funds provisions.[3]

---

[2] *CFIF* illustrates that expedited briefing is appropriate even when the motion is delayed by two or more months. Notably, the docket in *CFIF* reflects that a motion for preliminary injunction motion was filed on October 6, 2008. On October 7, 2008, the Court set a October 14, 2008 hearing and ordered briefing to be concluded by noon, October 10, 2008. *See CFIF*, No. 1:08-cv-00190 Order of October 7, 2008 [Doc. No. 93].

[3] *Respect Me. PAC v. McKee* should also serve as a caution against delay. After the courts there refused to enjoin the public financing statute at issue in that case, the Supreme Court decided *Arizona Free Enterprise Club's Freedom Club PAC v. Bennett,* —— U.S. ——, 131 S.Ct. 2806 (2011), which ruled that Arizona's matching funds law violated the First Amendment.

Loughry and the Defendants exaggerate the additional briefing required by the motion to expedite. The Amicus Brief filed by Callaghan does not differ in any material respects from the proposed response to the Petition Callaghan submitted on August 10, 2012. With respect to the merits of the claims, Callaghan's state pleadings are nearly identical to the memorandum Callaghan filed in this Court. [Doc. 25] Nor does the Amicus Brief filed by the West Virginia Attorney General contain any arguments that are materially different than those contained in Callaghan's brief. The two amicus briefs can be found on the Supreme Court's Cases of Interest web page. *See* http://www.courtswv.gov/supreme-court/clerk/cases-of-interest.html; *cf.* Callaghan's Proposed Response to Petition [Doc. 19].

The Defendants argue that they will need to brief their abstention argument. If Callaghan's proposed briefing schedule is adopted there will likely be no state action pending to abstain in favor of at the time Callahan's motion is ripe for review as the State proceedings have been concluded.

Loughry argues that Callaghan has no interest in his pending mandamus proceedings. This argument goes to the merits of Callaghan's motion to for preliminary relief. As is fully briefed therein, Callaghan has an interest in the constitutionality of using candidate expenditures to trigger the additional

---

Following *Bennett,* the *McKee* Court entered a judgment finding the Maine public financing statute unconstitutional. *See Cushing v. McKee*, 2012 WL 1119237, 2 (D.Maine 2012). Of course, the *McKee* Plaintiffs (and others in Maine) suffered the irreparable injury to their First Amendment rights as a result of the denial of the motion for preliminary relief because the unconstitutional public financing system was used in the 2010 election.

5

funds provisions of the Act: (1) because he is a potential contributor to two non-participating candidates, (2) because candidate expenditures are lumped together with independent expenditures under W. Va. Code § 3-12-11(f) to determine if the threshold for the provision of additional funds has been met, and (3) because Callaghan's standing to challenge W. Va. Code § 3-12-11(f) gives him standing to challenge all of the non-severable portions of the Act. [Doc 25 at pp. 15-18] It is important to remember that the harm here is the chilling of speech from *the threat* that expenditures and contributions will be matched. *Arizona Free Enterprise Club's Freedom Club PAC v. Bennett*, 131 S.Ct. 2806, 2818-19 (2011).

\* \* \* \*

Finally, there is a very simple solution to the alleged prejudice the Defendants and Loughry claim from having to brief the motions on a parallel track. Callaghan proposed to the parties that they agree to preserve the status quo pending resolution of Callaghan's motion by this Court. If the Supreme Court of Appeals grants the mandamus petition in the proceeding in which Callaghan has been precluded from participating,[4] nothing requires

---

[4]Participation as an amicus in state court does not give Callaghan a meaningful opportunity to participate in the state court proceedings. As an amicus, Callaghan cannot seek or defend a further appeal. He has no ability to respond at oral argument to whatever reply to his amicus brief Loughry and the Defendants file this week as Callaghan has been precluded from participating in oral argument. Similarly, the Motion to Intervene by the Attorney General in the mandamus proceedings does not give *Callaghan* any right to meaningful participation in that proceeding. Given the denial of Callaghan's motion and Loughery's likely objection, there is no assurance

6

Loughry to accept the additional funds prior to this Court ruling. One would think that a candidate for the Supreme Court of Appeals would not want to accept taxpayer funds alleged to be in violation of the First Amendment while a federal court challenge remains pending. The Court should give Loughry the choice -- either brief on an expedited basis or agree to preserve the status quo by agreeing not to accept the funds prior to this Court having an opportunity to rule on the Callaghan's challenge.[5]

Plaintiff proposed the expedited briefing schedule because he believes it a preferable and a more orderly alternative to his seeking an emergency temporary restraining order. The Court has Plaintiff's Motion for a Preliminary Injunction already. It appears to Plaintiff that Loughry and the Defendants would less prejudiced by having to respond in an orderly fashion to that motion than on an emergency basis following the filing of a motion for an emergency temporary restraining order.

                                        MICHAEL CALLAGHAN

                                        By Counsel

---

that the Supreme Court of Appeals will grant the motion. Loughry would also likely contest the Attorney General's standing to seek United States Supreme Court review of a declaration that a state statute is constitutional.

    [5]Loughry's delays in initiating any proceedings to seek the funds and his request that these proceedings be delayed shows that he is not in a hurry to receive the additional funds over and above the $400,000.00 of mostly taxpayer money he has already received.

7

s/ Anthony J. Majestro
Anthony J. Majestro (WVSB 5165)
POWELL & MAJESTRO, PLLC
405 Capitol Street, Suite P1200
Charleston, WV 25301
Phone: 304-346-2889
Fax: 304-346-2895
amajestro@powellmajestro.com

Paul T. Farrell (WVSB 7443)
Greene Ketchum Bailey Walker Farrell & Tweel
PO Box 2389
Huntington, WV 25724-2389
Phone: 304-525-9115
Fax: 304-529-3284
paul@greeneketchum.com

Counsel for Michael Callaghan

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

MICHAEL CALLAGHAN,

       Plaintiff,

v.                                               Civil Action No. 2:12-cv-03419

NATALIE E. TENNANT, in her
official capacity as West Virginia
Secretary of State; NATALIE E. TENNANT,
GARY A. COLLIAS, WILLIAM N. RENZELLI,
and ROBERT RUPP in their official capacities
as members of the West Virginia State
Election Commission,

       Defendants.

## CERTIFICATE OF SERVICE

       The undersigned counsel, counsel for the Plaintiff, does hereby certify that on the 27th day of August, 2012, I electronically filed the foregoing **Reply in Support of Plaintiff's Motion to Expedite** with the Clerk of the Court by utilizing the CM/ECF system, which will send electronic notification of said filing to counsel of record.

| | |
|---|---|
| Marc E. Williams, Esq. | J. Adam Skaggs, Esq. |
| Randall L. Saunders, Esq. | Matthew Mendendez, Esq. |
| Jenna E. Hess, Esq. | Brennan Center for Justice |
| Nelson Mullins Riley & Scarborough, LLP |    at NYU School of Law |
| 949 Third Avenue, Suite 200 | 161 Avenue of the Americas, 12th Floor |
| Huntington, WV  25701 | New York, NY  10013 |
| marc.williams@nelsonmullins.com | |

Silas B. Taylor, Esq.
Managing Deputy Attorney General
Office of the Attorney General
State Capitol Complex
Building 1, Room E-26
Charleston, WV  25301
silasbtaylor1@gmail.com

                                                                **s/ Anthony J. Majestro**
                                                                Anthony J. Majestro (WVSB 5165)